**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**DIANE POUPART,**

**Plaintiff,**                                                    **No. _____**

**-against-**                                                     **COMPLAINT**

**MIDLAND FUNDING LLC,**
**and FORSTER & GARBUS, LLP,**

                                   **Defendants.**
_____

### I. Introduction

1.     This is an action for damages brought by an individual consumer for the

violation by Defendants Midland Funding LLC and Forster & Garbus, LLP of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The

debt sought to be collected by Midland Funding LLC and Forster & Garbus, LLP was an

alleged consumer credit debt of Plaintiff Diane Poupart to pay money arising out of a

transaction in which the money, property, insurance or services which were the subject of

the transaction were primarily for personal, family, or household purposes.

### II.      JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.  Venue in this District is proper in that the Defendants transact business here and

the conduct complained of occurred here.

### III.     PARTIES

3.     Plaintiff Diane Poupart ("Poupart") is a natural person residing in the

County of Monroe at 73 Heritage Drive, Rochester, New York 14615.

4.     Upon information and belief, Defendant Midland Funding LLC ("Midland Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.     Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6.     Midland Funding is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7.     Forster & Garbus is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.     Poupart qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV.    FACTUAL ALLEGATIONS

9.     On March 30, 2015, Midland Funding by its attorneys, Forster & Garbus,

served a collection action against Poupart entitled *Midland Funding LLC A/P/O Webbank*

*v. Diane Poupart*, Rochester City Court, Rochester, New York, Index No. CV-2634-

15/RO.

10.    The complaint in the collection action alleged that Midland Funding

purchased a credit card account on which Poupart had been liable for $976.92 to original

creditor Webbank.

11.    Midland Funding further alleged in the collection complaint to have obtained

the credit card account after the credit card account was already in default.

12.    Poupart retained an attorney to defend her in the collection action, and

incurred liability for attorney fees.  On or about April 28, 2015, Poupart interposed an

Answer in which she denied the allegations of the collection action complaint, and raised

various affirmative defenses, including lack of standing.   On the same date, Poupart also

served discovery requests consisting of Interrogatories and a Notice of Discovery and

Inspection.  In the discovery requests, Poupart requested proof of Midland Funding's

claims, including but not limited to proof of the chain of title of the account, proof of the

alleged agreement between Poupart and the original creditor, proof of notice of

assignment, proof of account statements, and other matters.

13.    On December 7, 2015, Poupart filed a Note of Issue.  Because the amount in

controversy was less than $6,000.00, the matter was noticed for mandatory arbitration

pursuant to 22 NYCRR Part 28.  On February 8, 2016, arbitration was conducted by

Arbitrator Barbara J. Orenstein, Esq.  Poupart's attorney appeared at the arbitration on

behalf of Poupart.  Midland Funding appeared at the arbitration by local counsel for

Forster & Garbus.  Midland Funding had no witnesses, and was unable to proffer any

evidence.  The arbitrator awarded a decision in favor of Poupart against Midland Funding

for no cause of action.

14.    Prior to the arbitration, Midland Funding and Forster & Garbus failed to serve

any responses to Poupart's discovery requests.

15.    The caption in the Rochester City Court collection claim against Poupart

designated the plaintiff as *Midland Funding LLC A/P/O Webbank*.  The term "A/P/O" is

short for "as purchaser of."  Therefore the caption on the summons as well as on the

complaint in the collection claim set forth a plaintiff called "Midland Funding LLC as

purchaser of Webbank."

16.    Midland Funding never purchased Webbank.

17.    The designation of the plaintiff in the collection claim is therefore inaccurate,

deceptive, and confusing.  Such a plaintiff does not actually exist.

18.    An unsophisticated consumer that was a defendant in the collection action

would be confused by such a designation, and would not know who the plaintiff was –

whether it was Midland Funding LLC; Webbank; Midland Funding LLC as the purchaser

of Webbank; or otherwise.  The consumer could easily be deceived into believing that the

original creditor was bringing the collection claim rather than a debt buyer in its own

name, or that Midland Funding LLC was authorized as the purchaser of Webbank to

bring the collection claim without any transfer of the disputed account to Midland

Funding.  Moreover, the term "A/P/O" is not a recognized legal term, and there is no

legitimate basis for putting this term in the caption.

19.    In her interrogatories and request for production to Midland Funding in the Rochester City Court action, Poupart requested, among other things, documents that showed valid assignments from the alleged original creditor to Midland Funding, notice of assignments, statements of account, and documentation of an agreement between the original creditor and Poupart.  In addition, Poupart propounded interrogatories regarding the same issues.   However, Midland Funding failed and refused to respond to such discovery requests and failed and refused to provide documentation showing any assignment or assignments from the alleged original creditor to Midland Funding.

20.    Upon information and belief, Midland Funding was incapable, and continues to be incapable, of proving with evidence admissible in Rochester City Court that it owned any account on which Poupart was originally liable to Webbank by acquiring such an account through one or multiple assignments from Webbank; is incapable of proving an agreement between Poupart and the alleged original creditor, cannot prove a notice of any assignment, and cannot show an account stated.

21.    Midland Funding and Forster & Garbus represented directly and/or indirectly, and expressly and/or by implication, that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested.

22.    In fact, Midland Funding and Forster & Garbus had no intent to prove the claims set forth in its Rochester City Court complaint if such claims were contested, as they were by Poupart.  As stated above, Midland Funding and Forster & Garbus failed to respond to discovery requests made by Poupart seeking proof of Midland Funding's claims to own the debt as well as other proof, and although local counsel appeared for Forster & Garbus at the arbitration, no witnesses were produced at the arbitration and

there was no basis to admit into evidence any proof of Midland Funding's claims.

23.    The Summons and Complaint in the collection action alleged that Webbank was the original creditor on an account on which Poupart was allegedly liable to Midland Funding.  Upon information and belief, Poupart was not at any time liable on any account on which Webbank was the original creditor.

24.    Poupart is liable for attorney fees in the amount of $500.00 for the defense of the Rochester City Court action, as well as $40.00 in court costs.


## V.  FIRST CLAIM FOR RELIEF

25.    Poupart repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

26.    Midland Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Midland Funding misrepresented in the collection complaint that it owned, through assignment from Webbank, a credit card debt on which Poupart was liable, when in fact it could not show then or at any time that it was the owner of any such debt, or was ever assigned such debt.

27.    Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e by designating the plaintiff in the caption of the collection claim as Midland Funding LLC A/P/O Webbank, which deceptively and misleadingly represented that Midland Funding purchased Webbank, and was suing in the capacity of a purchaser of Webbank when in fact it was not.  In addition, a consumer could easily be confused by such a designation,

and would not know if the plaintiff was Midland Funding LLC; Webbank; Midland

Funding LLC as the purchaser of Webbank; or otherwise.

28.    Midland Funding violated Section 1692e(2)(A) of the FDCPA by falsely

representing in its collection complaint against Poupart the character, amount and legal

status of the alleged debt.  Midland Funding falsely represented in the collection

complaint that it owned the alleged debt in the amount stated.  In fact, Midland Funding

had no basis for asserting such ownership, and therefore no legal basis on which to ever

attempt collection of the debt, or claim that Poupart owed it any amount.  Midland

Funding's claim to own the debt also violated 15 U.S.C. § 1692e(10), which prohibits the

"use of any false representations or deceptive means to collect or attempt to collect any

debt or to obtain information concerning a consumer."

29.    Midland Funding violated 15 U.S.C. § 1692f, which provides in relevant part:

"§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means

to collect or attempt to collect any debt. Without limiting the general application of the

foregoing, the following conduct is a violation of this section: (1) The collection of any

amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt

or permitted by law."  Midland Funding violated the general application of § 1692f

because it did not own the credit card debt alleged to be owed by Poupart in the

collection complaint.  Midland Funding also violated the specific conduct prohibited by §

1692f(1) because there was no agreement that authorized Midland Funding to collect any

amount from Poupart with regard to any Webbank credit card account.

30.    Midland Funding and Forster & Garbus also violated Section 1692e(2)(A) of

the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer.  Midland Funding's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

31.    Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e(14) with the claim set forth in the caption of the collection summons and complaint that the plaintiff  was "Midland Funding LLC A/P/O Webbank," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

32.    Midland Funding and Forster & Garbus violated Sections 1692e, 1692e(2)(A), 1692e(5) and 1692e(1) of the FDCPA based on their false and misleading representations that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested, when in fact they did not intend to prove such claims if they were contested.

33.    Midland Funding and Forster & Garbus violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Midland Funding and Forster & Garbus misrepresented in the collection summons, as well as the collection complaint, that the original creditor on the Poupart account was Webbank, even though Poupart was never liable on an account on which Webbank was the original creditor.

34.     Midland Funding and Forster & Garbus violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Poupart the character and legal status of the alleged debt.  Midland Funding and Forster & Garbus falsely represented in the collection summons and collection complaint that Webbank was the original creditor on an account on which Poupart was liable, despite the fact that upon information and belief, Poupart was not liable on any account on which Webbank was the original creditor.

35.     Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Midland Funding and Forster & Garbus violated § 1692f by misrepresenting that Poupart was liable on an account on which the original creditor was Webbank, even though upon information and belief, Poupart was not liable on any account on which Webbank was the original creditor.

36.     As a result of the above violations of the FDCPA, Midland Funding and Forster & Garbus are liable to Poupart for actual damages for the cost of attorney fees and court costs in defending the lawsuit in Rochester City Court in the amount of $540.00, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages in the amount of $540.

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  For such other and further relief as may be just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 28, 2016

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com